The facts sufficiently appear in the opinion delivered.
Southard J.
The transcript, in this case, appears to 1
be regular, but it is by no means easy to form any satisfactory opinion upon the papers which accompany it. If they have not been misunderstood, however, they shew the following facts: Tattle obtained a judgment, before George Bockover, esq. against one John W. Beardsley, for 92 dollars, 76 cents, on the 7th of October 1814, and procured an execution to be issued and delivered to himself, on the 12th day of the same month of October. On this execution, James King, constable, returns, that he had advertised and sold property to the amount of 64 dollars, 56 cents, being all the.property he could find, and the plaintiff then stayed the execution. He also returned a list of the property sold, and also that he sold the same as the property of John W. Beardsley, at the suit of William Tattle.
On the 8th day of November 1814, Matthew Ridgeway and others, for tifo use of Jackson, obtained a judgment before Joseph Ennes, esq. against the same John W. Beardsley, for 15 dollars; on which execution was issued, bearing date, the 9th of November, and put into the hands of Elijah Whiting, constable. In this state of things, on the 21st of November 1814, Jackson commenced this suit against Tattle, and in his state of demand, he complains in the following words : “ for this, that the plaintiff had, and was in possession ■ of 900 sheaves of rye, by virtue of an execution, then in the hands of Elijah Whiting, constable, issued out of the Court for the trial of Small Causes, from Joseph Ehnes, esq. justice, and that the defendant, William Tattle, the present . defendant, did on the 14th day of this instant, take and remove the said rye, and convert the same to his own use, contrary to the act, &c. to the damage, &c.” We must *129 guess at the meaning of this state of demand, where it says the plaintiff “ had and was in possession of 900 sheaves of rye, by virtue of an execution,” &c. How could he be in possession, by virtue of an execution in his favour ? If he means, that the constable, after he had levied upon them, had put them into his hands for safe keeping until they were sold, his state of demand is faulty. In that case, he would have been in possession, in virtue of a delivery from the constable, and not by virtue of the writ. If he means, that the constable sold them under the execution, and that he was the purchaser, the state of demand is equally faulty. The sale, and not the writ, creates his title and possession. In truth, he could in no way, have and possess them, in virtue of the execution alone. The fact seems to be, that Tattle and Jackson, both having a judgment against the same man, and Tuttle having got his execution out near a month before the other, and having got it in part satisfied, Jackson complains of the preference, and sues in order to try the right to this property; believing that his execution gave him possession of, and a right to these sheaves. If this be not so, the judgment ought to be reversed, because the state of demand is unintelligible. If it be so, then surely the judgment ought to be reversed, for Jackson has mistaken his right altogether. The execution in his favour, the levy under it, and even the possession of the goods by the constable, give him neither the possession, nor the right of possession. He can neither maintain trespass or trover for them. He has, in fact, nothing to do with them. If they are improperly taken away, after the levy by the constable, he, and not the plaintiff, must maintain the suit for them. The right to do this, is in the officer, and not the party. If therefore. King, who had Tuttle’s execution, or Tuttle himself, illegally took away these sheaves ; Whiting and not Jackson must seek the remedy. But so far as appears to the court, Tuttles execution was entitled to the preference. It was issued on the 12th of October; Jackson’s not until the 8th of November.
The judgment must be reversed.